# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAHIED R. GOLDEN | No. 1:24-cr-00070-JAW |

### PROSECUTION VERSION OF THE OFFENSE

On about May 19, 2021, in the District of Maine and elsewhere, the Defendant, having devised and intending to devise a scheme to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud. Specifically, the defendant did transmit and cause to be transmitted a wire transfer of approximately $20,833 on about May 19, 2021, from Lender A to a bank account held by the defendant with an account number ending 7549.

Specifically, beginning at an unknown time, but no later than on about April 19, 2021, and continuing until at least May 24, 2021, in the District of Maine and elsewhere, the Defendant knowingly and willfully devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretense, representations, and promises.

The scheme involved filing a false and fraudulent application for Paycheck Protection Program ("PPP") loans with a financial institution to obtain PPP funds. The PPP was a COVID-19 pandemic relief program administered by the Small Business

1

Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses.  The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent or mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

As evidenced by his PPP loan application, bank records, and other documentary evidence, the Defendant filed a false and fraudulent application for a PPP loan with an out-of-state lender.  The application included materially false and fraudulent representations about the Defendant's gross income for 2020, and the Defendant also falsely stated on the application that the loan proceeds were necessary to support the applicant's payroll and would be used for payroll.

The Defendant also submitted a false document to the lender in support of his PPP loan application.  Specifically, the Defendant submitted false IRS records that falsely stated, among other things, his gross income.  As part of the scheme, as evidenced by bank records and other documentary evidence, the Defendant submitted a PPP loan application on about April 29, 2021 with a lender headquartered in Florida. The Defendant caused the lender to transfer the fraud proceeds to a bank account under his control at a bank with corporate offices in Bangor, Maine.  Specifically, the Defendant caused the lender to transmit a wire transfer of approximately $20,833 on about May 19, 2021, from the lender to the Defendant's bank account.  The next day, on May 20, 2021, the Defendant withdrew over $15,000 from his account.

Had the case proceeded to trial, the Government would have proven the above facts through witness testimony and documentary evidence.  Additionally, the

Government would have introduced in evidence certified business records from: (1) the lender, including the Defendant's PPP loan application and supporting documents; (2) Womply, an entity that performed the identity verification process for the lender; (3) a financial institution with corporate offices in Bangor, Maine, where the Defendant held a bank account and through which he received the fraud proceeds; (4) DocuSign, which was used by the Defendant to sign the PPP loan application and promissory note; (5) Charter Communications for IP address information; and (6) Apple, Inc. relating to the Defendant's iCloud account. Finally, the Government would have also offered testimony and records from the IRS. The evidence would have been sufficient to prove beyond a reasonable doubt the charge contained in the Indictment.

Date: September 23, 2024

Respectfully submitted,

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

BY: */s/ Alisa Ross*
Alisa Ross
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME  04401
(207) 945-0373
Alisa.Ross@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2024, I electronically filed the Government's Prosecution Version of the Offense with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

Daniel Dubé, Esq.
Counsel for Defendant

                                                DARCIE N. MCELWEE
                                                United States Attorney

                                     BY: ***/s/ Alisa Ross***
                                                Alisa Ross
                                                Assistant U.S. Attorney
                                                United States Attorney's Office
                                                202 Harlow Street, Suite 111
                                                Bangor, ME 04401
                                                (207) 945-0373
                                                Alisa.Ross@usdoj.gov